### KIPPLE AND CALKINS V. COLEMAN.

If a writ is directed to a constable of one town to serve upon a defendant living in another — if he returns service in the town of which he is constable, it is good — one defendant cannot take advantage of a defect in service upon the other.

ERROR to reverse a judgment of a justice, in a *qui tam* prosecution for a breach of the peace, brought by Coleman against them; the writ was directed to either of the constables of the town of Lebanon in Windham county; Kipple was described of said Lebanon, Calkins was described to be of Bozrah in New London county.

The officer's return of service was — Lebanon, Windham county, August 29th A. D. 1791, I then for want of estate, arrested the body of the within Thomas Kipple, jr. read said writ in his hearing and have taken sufficient bonds for his appearance at court. O. Wattles, constable. And on the same 29th day of August for want of estate, I arrested the body of the within named Durkee Calkins, and have taken sufficient bonds for his appearance at court, etc. O. Wattles.

To which process the defendants plead in abatement, that said process had been no otherwise served on said Calkins, than by said Wattles, constable of Lebanon attaching his body and reading it in his hearing, which attaching and reading aforesaid was in said Bozrah and out of the official precincts of said constable.

The justice judged said plea to be insufficient; and upon the plea of not guilty the defendants were found guilty, and judgment for the plaintiff to recover £2 damages and cost.

Error assigned — That said justice ought to have judged said plea in abatement sufficient.

Judgment affirmed. The indorsement of service by the constable is in Lebanon, etc. where said Calkins might be and the presumption is that he was at the time of service: the plea

says the service on Calkins was in Bozrah, but doth not traverse or deny its being made in Lebanon. 2d. If there is a defect in the service, as to Calkins, he only can take advantage of it; the plea is insufficient therefore as applied to both.

In the case of Hallam and Adams against Mumford, New London Superior Court, September 1773, it was determined upon a writ of error, that in an action brought by Mumford against Hallam and Adams upon a joint and several note, said Hallam being a minor, Adams could not avail himself of Hallam's minority, by pleading it in abatement or otherwise; as also is the case of a misnomer, the party only who is misnamed can take advantage of it.